UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

    WEINBERG HOLDING, LLC                         Case No.: 22-11444 (___)
    *d/b/a* THE BOILER ROOM BAR
    *d/b/a* THE WATERING HOLE,

                          Debtor.
------------------------------------------------------------X

## DECLARATION OF NEIL WEINBERG
## PURSUANT TO RULE 1007-2 OF THE LOCAL
## BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. § 1746, I, Neil Weinberg, declare as follows under penalty of perjury:

1.    I am the managing member of Weinberg Holdings, LLC *d/b/a* The Boiler Room *d/b/a* The Watering Hole, the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, business, and financial affairs.

2.    This declaration is made pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 case and in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.    Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, my discussions with Gina Weinberg, the other member of the Debtor, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations and financial affairs. If called upon to testify, I

1

would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of the Debtor. Section I of this declaration provides an overview of the Debtor's business. Section II describes the circumstances giving rise to the Debtor's commencement of this Chapter 11 case. Section III describes certain information required by Local Bankruptcy Rule 1007-2.

## I.

## The Debtor's Business

4. The Debtor is a New York limited liability company with its corporate office located at 34 Northern Boulevard, Oyster Bay, New York 11771. The Debtor's principal asset consist of being the tenant under a lease between itself and Barr None LLC[1] for two (2) bars located at 86 East 4th Street, New York, New York (the "Premises"). The bars are called The Boiler Room and the Queen Vic, respectively (the "Bars").

5. The Debtor also owns two (2) wholly owned subsidiaries which do business as The Boiler Room Bar [owned by J B Max, Inc. and The Watering Hole [(owned by The Watering Hole of 2nd Ave. Corp)].

6. The Lease with the Landlord was entered into in 1999 for a term of twenty (20) years, with an option to renew for another twenty (20) years at very favorable terms to the Debtor. As will become apparent, the Landlord has gone to extraordinary efforts to attempt to terminate the Lease and get back this extremely valuable leasehold.

7. In 2013, a lease amendment (the "Lease Amendment") was entered into, which *inter alia,* added the two (2) wholly owned subsidiaries as co-tenants for the Premises.

8. The Landlord and the Debtor and the two subsidiaries have been engaged in extensive litigation in at least three (3) New York State courts over their relationship. The

---

[1] The Debtor's current landlord is Ruru & Associates, LLC (the "Landlord").

2

affidavit of one of the Debtor's members (Gina Weinberg) from the application for a stay of the execution of the warrant and judgment (which was granted and remains in effect) from the civil court provides a detailed history of the litigation as of that date and is annexed hereto as **Exhibit "A"**.

## II.

### Events Leading to the Chapter 11 Case

9. The parties have been engaged in settlement discussions that have been protracted and hard fought. Without going into the substance of those discussions, the Landlord had presented the Debtor with an ultimatum to sign a settlement agreement or face renewed litigation to attempt to execute on the judgment and warrant. As the proposed terms were not acceptable to the Debtor, it consulted with bankruptcy counsel.

10. As this Court is aware, Chief Judge Martin Glenn of this Court has recently ruled in *In re Payam, Inc.*, 642 B.R. 365 (Bankr. S.D.N.Y. 2022) that the issuance of a judgment and warrant of eviction no longer terminated a debtor's interest in a lease and that lease remained subject to assumption and cure pursuant to section 365 of the Bankruptcy Code.

11. It is the Debtor's intent to remove the pending action for a declaratory judgment as to whether or not the option to renew was properly exercised (it was) and what is the amount of the proper rent due under the exercised option. The Debtor further intends to have this Court determine the correct amount of the cure, which will include a determination of the aforementioned issues. Lastly, the Debtor will seek to assume and/or possibly assign all or part of the lease for the Premises as permitted under section 365 of the Bankruptcy Code. The appeal of the civil court decision and order is rendered moot by this bankruptcy filing, as the amount of

that judgment will be part of the cure amount and the other issues are now controlled by the cure provisions of section 365 of the Bankruptcy Code.

12. During the time frame permitted under section 365, the Debtor will remain current with the Landlord under the amount determined to be due under the *pendente lite* order and to accumulate the funds needed to cure the arrears upon assumption and/or assignment.

13. The Debtor has some tax debt and other creditors, whose claims will be addressed in a plan and likely be paid in full.

### III.

### Information Required by Local Bankruptcy Rule 1007-2

14. In accordance with Local Bankruptcy Rule 1007-2(a)(3), and to the best of my knowledge, information, and belief, no creditors' committees were organized prior to the bankruptcy filing date.

15. In accordance with Local Bankruptcy Rule 1007-2(a)(4), a list of the names and addresses of the creditors holding the largest unsecured claims against the Debtor have been filed in the Debtor's bankruptcy petition and is annexed hereto as Exhibit "B".[2]

16. The Debtor has no secured creditors.

17. The Debtor estimates that operating expenses for the 30-day period following the bankruptcy petition date will be approximately $ 16,894.21 and net operating income shall be approximately $ 16,894.21.

18. The Debtor does not make any admissions and reserves all of its rights and remedies.

---

[2] Official Form 204 filed with the Debtor's petition provides a list of the Debtor's creditors holding the 20 largest unsecured claims.

19. The foregoing is true and current to the best of my knowledge, information and belief.

*/s/ Neil Weinberg*
Neil Weinberg